GT Ex 3

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

August 26, 2026

James J. Benjamin, Jr., Esq.
Akin
One Bryant Park
New York, New York 10036
jbenjamin@akingump.com

**Re: *United States v. Ting-Wei "Willy" Sun*, S1 26 Cr. 100 (ER)**

Dear Mr. Benjamin:

On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("SDNY") and the United States Department of Justice, National Security Division ("NSD"), Counterintelligence and Export Control Section ("CES") (collectively, "the Offices") will accept a guilty plea from Ting-Wei "Willy" Sun ("the defendant") to Counts One through Four of the above-referenced superseding information (the "Information").

Count One charges the defendant with conspiracy to violate the Export Control Reform Act ("ECRA"), in violation of Title 50, United States Code, Sections 4819(a) and 4819(b). This charge carries a maximum term of imprisonment of 20 years, a maximum term of supervised release of three years, a maximum fine, pursuant to Title 50, United States Code, Section 4819, of the greatest of $1,000,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense, and a $100 mandatory special assessment.

Count Two charges the defendant with conspiracy to smuggle goods from the United States, in violation of Title 18, United States Code, Section 371. This charge carries a maximum term of imprisonment of five years, a maximum term of supervised release of three years, a maximum fine, pursuant to Title 18, United States Code, Section 3571, of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense, and a $100 mandatory special assessment.

Count Three charges the defendant with conspiracy to defraud the United States, in violation of Title 18, United States Code, Section 371. This charge carries a maximum term of imprisonment of five years, a maximum term of supervised release of three years, a maximum fine, pursuant to Title 18, United States Code, Section 3571, of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense, and a $100 mandatory special assessment.

Count Four charges the defendant with obstruction of justice, in violation of Title 18, United States Code, Section 1519. This charge carries a maximum term of imprisonment of 20 years, a maximum term of supervised release of three years, a maximum fine, pursuant to Title 18, United States Code, Section 3571, of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense, and a $100 mandatory special assessment.

It is understood and agreed that the defendant waives any challenge to Count Four based on improper venue.

The total maximum term of incarceration on Counts One through Four is 50 years' imprisonment.

It is further understood that the defendant shall make restitution in an amount to be specified by the Court in accordance with 18 U.S.C. §§ 3663, 3663A, and 3664. This amount shall be paid according to a plan established by the Court.

The defendant hereby admits the forfeiture allegations with respect to Counts One and Two of the Information and agrees to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One and Two of the Information, including but not limited to a sum of money representing the amount of proceeds obtained as a result of the offenses (the "Money Judgment"). It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

It is understood that the defendant (a) shall truthfully and completely disclose all information concerning all matters about which the Office inquires, which can be used for any purpose; (b) shall cooperate fully with the Offices, the Federal Bureau of Investigation, the Department of Commerce's Bureau of Industry and Security, and any other law enforcement agency designated by the Offices; (c) shall attend all meetings requested by the Offices; (d) shall provide to the Offices, upon request, any document, record, or other tangible evidence relating to matters about which the Offices or any designated law enforcement agency inquires; (e) shall truthfully testify before the grand jury and at any trial and other court proceeding when requested to do so by the Offices; (f) shall bring to the Offices' attention all crimes that the defendant has committed, and all administrative, civil, or criminal proceedings, investigations, or prosecutions in which the defendant has been or is a subject, target, party, or witness; and (g) shall commit no further crimes whatsoever. Moreover, any assistance the defendant may provide to federal criminal investigators shall be pursuant to the specific instructions and control of the Offices and designated investigators.

It is understood that the Offices cannot, and do not, agree not to prosecute the defendant for criminal tax violations, if any. However, if the defendant fully complies with the understandings specified in this Agreement, no testimony or other information given by the defendant (or any other information directly or indirectly derived therefrom) will be used against

the defendant in any criminal tax prosecution. Moreover, if the defendant fully complies with the understandings specified in this Agreement, the defendant will not be further prosecuted criminally by the Offices for any crimes, except for criminal tax violations, related to his: (i) participation in a conspiracy to violate ECRA from in or about October 2023 up to and including on or about March 19, 2026, as charged in Count One of the Information; (ii) participation in a conspiracy to smuggle goods from the United States from in or about October 2023 up to and including on or about March 19, 2026, as charged in Count Two of the Information; (iii) participation in a conspiracy to defraud the United States from in or about October 2023 up to and including on or about March 19, 2026, as charged in Count Three of the Information; and (iv) obstruction of an official proceeding on or about March 19, 2026, as charged in Count Four of the Information, to the extent that he has disclosed such conduct to the Offices as of the date of this Agreement.

This Agreement does not provide any protection against prosecution for any crimes except as set forth above.

It is understood that this Agreement does not bind any federal, state, or local prosecuting authority other than the Offices. The Offices will, however, bring the cooperation of the defendant to the attention of other prosecuting offices, if requested by the defendant. Nor does this Agreement bind United States Immigration and Customs Enforcement (ICE), although the Offices will bring the cooperation of the defendant to the attention of ICE, if requested by the defendant.

It is understood that the sentence to be imposed upon the defendant is within the sole discretion of the Court. The Offices cannot, and does not, make any promise or representation as to what sentence the defendant will receive, and will not recommend any specific sentence to the Court. However, the Offices will inform the Probation Office and the Court of (a) this Agreement; (b) the nature and extent of the defendant's activities with respect to this case and all other activities of the defendant which the Offices deems relevant to sentencing; and (c) the nature and extent of the defendant's cooperation with the Offices. In so doing, the Offices may use any information it deems relevant, including information provided by the defendant both before and after the signing of this Agreement. In addition, if the Offices determines that the defendant has provided substantial assistance in an investigation or prosecution, and if the defendant has fully complied with the understandings specified in this Agreement, the Offices will file a motion, pursuant to U.S.S.G. § 5K1.1, requesting the Court to sentence the defendant in light of the factors set forth in Section 5K1.1(a)(1)-(5). It is understood that, even if such a motion is filed, the sentence to be imposed on the defendant remains within the sole discretion of the Court. Moreover, nothing in this Agreement limits the Offices' right to present any facts and make any arguments relevant to sentencing to the Probation Office and the Court, or to take any position on post-sentencing motions. The defendant hereby consents to any adjournments of his sentence as may be requested by the Offices.

It is understood that, should the Offices determine either that the defendant has not provided substantial assistance in an investigation or prosecution, or that the defendant has violated any provision of this Agreement, such a determination will release the Offices from any obligation to file a motion pursuant to U.S.S.G. § 5K1.1, but will not entitle the defendant to withdraw the defendant's guilty plea once it has been entered.

It is understood that, should the Offices determine, after the filing of a motion pursuant to U.S.S.G. § 5K1.1, that the defendant has violated any provision of this Agreement, the Offices shall have the right to withdraw such motion.

It is understood that, should the defendant commit any further crimes or should it be determined that the defendant has given false, incomplete, or misleading testimony or information, or should the defendant otherwise violate any provision of this Agreement, the defendant shall thereafter be subject to prosecution for any federal criminal violation of which the Offices has knowledge, including perjury and obstruction of justice. Any such prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is understood that in the event that it is determined that the defendant has committed any further crimes, given false, incomplete, or misleading testimony or information, or otherwise violated any provision of this Agreement, (a) all statements made by the defendant to the Offices or other designated law enforcement agents, and any testimony given by the defendant before a grand jury or other tribunal, whether before or after the signing of this Agreement, and any leads from such statements or testimony shall be admissible in evidence in any criminal proceeding brought against the defendant; and (b) the defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, or any other federal rule that such statements or any leads therefrom should be suppressed. It is the intent of this Agreement to waive all rights in the foregoing respects.

It is further understood that the Offices will not object to the defendant's continued release on the bail conditions as set forth at the May 18, 2026 hearing, that is, (a) a $2,000,000 personal recognizance bond, secured by money transferred from Hong Kong bank accounts; (b) travel restricted to the Southern and Eastern Districts of New York; (c) surrender all travel documents and make no new applications; (d) supervision as directed by Pretrial Services; (e) home incarceration at rental home in Queens; (f) location monitoring as directed by Pretrial Services; (g) no contact with co-defendants or witnesses outside the presence of counsel; (h) no lines or credit or bank accounts without approval of Pretrial Services; and (i) restraint of two Taishin Bank accounts, held under the names of (1) Sidereal Forge, and (2) High Mountain Global Corp., and adherence to all other standard conditions of release.

The defendant hereby acknowledges that the defendant has accepted this Agreement and decided to plead guilty because the defendant is in fact guilty.

In connection with the defendant's plea of guilty, the defendant, in consultation with counsel, has chosen not to request discovery materials pursuant to Fed. R. Crim. P. 16 ("Rule 16 Material"). The defendant understands that if not for entering this plea of guilty, the Government would be required to produce Rule 16 Material, and would further be required to produce material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and Fed R. Crim. P. 5(f), and, if the defendant proceeded to trial, impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972),

and *Jencks* Act material. The defendant acknowledges that the defendant has not and will not receive such information because the defendant has decided to plead guilty, waives the right to this information, and agrees not to withdraw the defendant's plea or to attack the defendant's conviction or sentence, either on direct appeal or collaterally, on the ground that the Government has failed to produce any such information, apart from any information establishing the factual innocence of the defendant.

The defendant recognizes that, if the defendant is not a citizen of the United States, the defendant's guilty plea and conviction make it very likely that the defendant's removal from the United States is presumptively mandatory and that, at a minimum, the defendant is at risk of being removed or suffering other adverse immigration consequences. If the defendant is a naturalized citizen of the United States, the defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status. Under federal law, an individual may be subject to denaturalization and removal if the defendant's naturalization was procured by concealment of a material fact or by willful misrepresentation, or otherwise illegally procured. The defendant acknowledges that the defendant has discussed the possible immigration consequences (including removal or denaturalization) of the defendant's guilty plea and conviction with defense counsel. The defendant affirms that the defendant wants to plead guilty regardless of any immigration or denaturalization consequences that may result from the guilty plea and conviction, even if those consequences include denaturalization and/or removal from the United States. The defendant understands that denaturalization and other immigration consequences are typically the subject of a separate proceeding, and the defendant understands that no one, including the defendant's attorney or the District Court, can predict with certainty the effect of the defendant's conviction on the defendant's immigration or naturalization status. It is agreed that the defendant will have no right to withdraw the defendant's guilty plea based on any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from the guilty plea and conviction. It is further agreed that the defendant will not challenge the defendant's conviction or sentence on direct appeal, or through litigation under Title 28, United States Code, Section 2255 and/or Section 2241, on the basis of any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from the defendant's guilty plea and conviction.

This Agreement supersedes any prior understandings, promises, or conditions between the Offices and the defendant. No additional understandings, promises, or conditions have been entered

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

Very truly yours,

JAMES M. MCDONALD
United States Attorney

By: ______________________
Juliana Murray / David Robles / Kevin Sullivan
Assistant United States Attorneys
(212) 637-2314 / 2550 / 1587

APPROVED:

______________________
AMANDA L. HOULE
Chief, Criminal Division

CHRISTIAN J. NAUVEL
Acting Chief
National Security Division
Counterintelligence and Export Control Section

By: ______________________
Maria Fedor / Mark Murphy
Trial Attorneys
(202) 353-7366 / 307-6239

AGREED AND CONSENTED TO:

______________________
Ting-Wei "Willy" Sun

9/8/2026
______________________
DATE

APPROVED:

______________________
James J. Benjamin, Jr., Esq.
Attorney for Ting-Wei "Willy" Sun

9/8/2026
______________________
DATE

2026.08.03

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

TING-WEI "Willy" SUN,

Defendant.

**WAIVER OF INDICTMENT**

S1 26 Cr. 100 (ER)

The above-named defendant, who is accused of violating Title 50, United States Code, Sections 4819(a) and 4819(b); Title 15, Code of Federal Regulations, Sections 736.2, 742.6, and 764.2; and Title 18, United States Code, Sections 371, 554, 1519, and 2, being advised of the nature of the charges and of his rights, hereby waives, in open Court, prosecution by indictment and consents that the proceeding may be by information instead of by indictment.

Ting-Wei "Willy" Sun
Defendant

Witness

James J. Benjamin, Jr.
Attorney for Defendant

Dated: New York, New York
September 8, 2026