# EXHIBIT A

655 Third Avenue, 12th Fl.
New York, NY 10017

T: 212.370.0330
www.pkbllp.com

Petrillo Klein + Boxer LLP

NELSON A. BOXER
nboxer@pkbllp.com
D: 212.370.0338
M: 917.273.2693

April 6, 2026

By E-Mail

Kevin T. Sullivan
Juliana N. Murray
David J. Robles
Assistant United States Attorneys
U.S. Attorney's Office, Southern District of New York
26 Federal Plaza
New York, New York 10278

**Re: *United States v. Liaw, et al.*, 26-CR-0100 (ER)**

Dear Counsel:

On behalf of defendant Yih-Shyan "Wally" Liaw, we request that the government make the following disclosures.

**Particulars**

Mr. Liaw requests particulars regarding the indicated paragraphs of the Indictment. The particulars sought are necessary for Mr. Liaw to prepare his defense adequately, to avoid unfair surprise during trial, and to protect Mr. Liaw from a second prosecution for an inadequately described offense. *See United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987).

1. In ¶ 1:
    a. Identify the "executives."
    b. Identify the "employees."
    c. Identify the "third-party affiliates"
    d. Identify the "U.S. Manufacturer."
2. In ¶ 2:
    a. Identify "Company-1."
    b. Identify the "transactions."
    c. Identify the "China-based end customers."
    d. Identify the "executives of Company-1."
    e. Identify the "false documents and records" and "false communications."
    f. Identify "others."
    g. Identify the "third-party brokers."
    h. Identify the "customers in China."
    i. Identify the "shipping and logistics company."

   j. Identify the location(s) described as the "final destinations in China."

3. In ¶ 3:
   a. Identify the "the locations where Company-1 was purportedly storing the servers it had purchased from the U.S. Manufacturer."
   b. Describe the "questions" that "were raised about Company-1's purchases of the U.S. Manufacturer's servers."
   c. Identify the "encrypted messaging applications."
   d. Identify and describe "the draft responses."
   e. Identify the "U.S. Manufacturer's compliance team members."
4. In ¶ 4:
   a. Identify the "financial institutions."
5. In ¶ 10:
   a. Identify "others."
   b. Identify the "Chinese customers."
6. In ¶ 11:
   a. Identify "Individual-1."
   b. Identify the "Chinese customers."
   c. Identify the "clients with customers based in China."
   d. Identify the "members of [U.S. Manufacturer's] global sales teams."
7. In ¶ 12:
   a. Identify the location(s) where the "servers . . . were assembled in the United States."
   b. Identify the location(s) of "the U.S. Manufacturer's facilities in Taiwan."
   c. Identify the location described as "elsewhere in Southeast Asia."
   d. Identify the "purchasers in China."
   e. Identify the "cast of third-party brokers."
   f. Identify the "additional brokers."
   g. Identify the "broker on whose behalf Company-1 ultimately placed orders with the U.S. manufacturer."
8. In ¶ 14:
   a. Identify the "top customers."
   b. Identify the "major U.S. technology and social media companies."
   c. Identify the "third-party brokers."
9. In ¶ 15:
   a. Identify "Individual-2."
   b. Identify the "auditor" who Mr. Chang purportedly described as "friendly."
   c. Identify the "compliance personnel" who Mr. Liaw purportedly emailed.
   d. Identify and describe "the data center lease agreements."
   e. Identify the location of "Company-1 data center."
10. In ¶ 17:
    a. Identify "Broker-1."
    b. Identify "Broker-2."
11. In ¶ 19:
    a. Identify the "White House press release."
    b. Identify "the news article."

12. In ¶ 20:
    a. Describe when, to, by whom, and the substance of the "inquiries from the U.S. Manufacturer's compliance team."
13. In ¶ 21:
    a. Identify the "end customers in China."
    b. Identify the "brokers."
    c. Identify the "two China-based entities."
    d. Identify the "technology company based in China."
    e. Identify "Broker-3."
    f. Identify the "entities based in China."
14. In ¶ 22:
    a. Identify and describe the "press release."
15. In ¶ 23:
    a. Identify "others."
    b. Identify and describe the "additional audits and inspections."
16. In ¶ 24:
    a. Describe when, to, by whom, and the substance of the request made by the U.S. Manufacturer's compliance team.
    b. Identify "others."
    c. Identify the location(s) of the "warehouses rented by Company-1."
17. In ¶ 24(a):
    a. Identify the "member of the U.S. Manufacturer's compliance team."
18. In ¶ 24(c):
    a. Identify the "member of the U.S. Manufacturer's compliance team."
    b. Identify and describe the "data center."
19. In ¶ 24(d):
    a. Identify the "compliance personnel from the U.S. Manufacturer."
    b. Identify the "U.S. Manufacturer's compliance auditors who was tasked with conducting the audit, but who was instead off-site enjoying entertainment paid for by Company-1."
20. In ¶ 26:
    a. Identify "Officer-1."
    b. Identify the location of "Company-1's warehouse."
21. In ¶ 27:
    a. Identify the location of the "warehouse rented by Company-1."
22. In ¶ 28:
    a. Identify "others."
    b. Identify and describe the "data center."
23. In ¶ 31:
    a. Identify "others."
24. In ¶ 32:
    a. Identify "others."
25. In ¶ 34:
    a. Identify "others."
26. In ¶ 35:
    a. Identify "others."

27. In ¶ 36:
    a. Identify "others."
28. In ¶ 38:
    a. Identify "others."
29. In ¶ 39:
    a. Identify "others."

**<u>Other Disclosures</u>**

On behalf of Mr. Liaw, we also request all information in the possession, custody, or control of the government that is required to be disclosed under the Fifth and Sixth Amendments to the United States Constitution. *See, e.g.*, *Kyles v. Whitley*, 514 U.S. 419 (1995); *United States v. Bagley*, 473 U.S. 667, 676 (1985); *United States v. Agurs*, 427 U.S. 97, 103-04 (1976); *Giglio v. United States*, 405 U.S. 150, 153 (1972); *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

We further request on behalf of Mr. Liaw all information the government must disclose under the Federal Rules of Criminal Procedure. This information includes the following:

1. Mr. Liaw's Statements.

Please provide all information regarding Mr. Liaw statements, whether oral, written, or recorded, including notes of any such statements. *See* Fed. R. Crim. P. 16(a)(1)(A), (B).

2. Statements of Mr. Liaw's Co-Defendants.

Please provide all information regarding any oral or written statements to the government and/or in the government's possession (including any notes of such statements) by Mr. Liaw's co-defendants, so that Mr. Liaw can assert his rights pursuant to *Bruton v. United* States, 391 U.S. 123 (1968), and its progeny.

3. Documents and Objects.

Please provide all books, papers, data, documents, data, photographs, and tangible objects which are material to the preparation of the defense or are intended for use by the government as evidence, whether located domestically or abroad, in its case in chief or were obtained from or belong(ed) to Mr. Liaw. *See* Fed. R. Crim. P. 16(a)(1)(E).

4. Reports, Examinations, and Tests.

Please provide all reports, examinations, and tests (or experiments) done by or on behalf of the government. *See* Fed. R. Crim. P. 16(a)(1)(F).

5. Expert Witnesses.

If the government intends to call any expert witnesses pursuant to Fed. R. Evid. 702, 703, or 705, please disclose each expert's name, address, education, training, and qualifications, as well as written summaries of testimony which the government intends to use, including each witness's opinions and the basis for each such opinion. *See* Fed. R. Crim. P. 16(a)(1)(G).

6. Search Warrants and Wiretaps.

Please provide all applications for wiretaps, pen registers, search warrants, and any other search or surveillance, including accompanying affidavits of probable cause, as well as all evidence obtained, both domestically and abroad, as a consequence of all searches and surveillance. *See* Fed. R. Crim. P. 12(b)(4)(B).

7. Other Surveillance and Classified Information.

Please provide all applications for a Foreign Intelligence Surveillance Act (including Section 702 of FISA) Warrant, Orders, or subpoenas issued by a Foreign Intelligence Surveillance Court, as well as any recordings and collections of evidence made as a result of such Orders, that in any way pertain to the defendant, to the technology referenced in the Indictment, or to the offer for or sale of any of the technology referenced in the Indictment. *See* Fed. R. Crim. P. 12(b)(4)(B). In addition to the foregoing, please provide all evidence or materials subject to the Classified Information Procedure Act ("CIPA"), in the government's possession, custody, or control, that relate to the Indictment, any individual or parties referenced in the Indictment (including, but not limited to, "Company-1", "executives of Company-1," "Broker-1", "Broker-2", "Broker-3", "end customers in China", and "U.S. Manufacturer"), or any alleged overt act in the Indictment.

8. Evidence Pursuant to *Kyles v. Whitley*.

Please provide any material or information tending to undermine or cast any doubt concerning (1) the probative value of any physical evidence which the government intends to use at trial, or (2) the good faith or thoroughness of the investigation conducted by any law enforcement personnel which contributed to the Indictment, or law enforcement reliance on unreliable informants or information. *See Kyles*, 514 U.S. at 441-54.

9. Undercover Law Enforcement.

Please provide all proposals related to the authorization of the use of undercover law enforcement personnel and any subsequent requests for re-authorization, as well as any proposals related to the authorization for the use of communications with persons believed to be represented by counsel, and any subsequent requests for re-authorization.

10. Evidence Pursuant to Residual Hearsay Exceptions.

Please provide all evidence that the government intends to introduce at trial pursuant to the residual hearsay exceptions set forth in Fed. R. Evid. 803 and 804.

11. Evidence Pursuant to Fed. R. Evid. 404(b).

Please provide notice of any intention by the government to introduce evidence in its case in chief pursuant to Fed. R. Evid. 404(b), including a description of such proposed evidence to a degree sufficiently clear to permit the pretrial resolution of the issue of its admissibility.

12. Exculpatory or Impeachment Evidence.

Please provide all documents, statements, law enforcement reports, and tangible evidence favorable to Mr. Liaw on the issue of guilt and/or which affects the credibility of the government's case, any government witness, or Mr. Liaw's participation in any of the allegations

in the Indictment. Impeachment as well as exculpatory evidence falls within *Brady*'s definition of evidence favorable to the accused. *See Bagley*, 473 U.S. at 676; *Agurs*, 427 U.S. at 103-04. This request includes, but is not limited to, the following:

a. All information tending to show that Mr. Liaw did not join the charged conspiracy or did not engage in any of the charged offenses.

b. Any electronic, written (including notes and drafts) or oral statement (whether or not reduced to writing) made by any person (including, but not limited to, information proffered by counsel for a witness) which in any way contradicts, or is inconsistent with, or different from the allegations in the Indictment.

c. Any electronic, written (including notes, drafts, and summaries), whether or not reduced to writing, made by any person (including, but not limited to, information proffered by counsel for any person) to the effect that the conduct alleged in the Indictment was not understood to be unlawful at the time it took place.

d. Any statements, including oral or written statements, by persons with information (including their counsel) relating to the alleged charges in the Indictment which fail to mention Mr. Liaw or fail to make any incriminating statement with respect to Mr. Liaw.

e. The name and last known address of any person who made an arguably exculpatory or favorable statement concerning Mr. Liaw or his participation in the charged offenses. *See United States v. Ruggiero*, 472 F.2d 599, 604 (2d Cir. 1973).

13. Perception, Recollection, Etc.

Please provide any evidence, including any medical or psychiatric report or evaluation, tending to show that any possible government witness's ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence that a possible witness has ever used narcotics or other controlled substances, or has ever been an alcoholic. *See United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988); *Chavis v. North Carolina*, 637 F.2d 213 (4th Cir. 1980).

14. Witness Statements.

Please provide the Jencks Act statements of all contemplated government witnesses, so that Mr. Liaw may properly prepare for trial and avoid any delay of trial in the event that later disclosure jeopardizes his right to confrontation and a fair trial, as guaranteed by the United States Constitution. Specifically, Mr. Liaw seeks immediate disclosure of:

a. The grand jury testimony of all witnesses who may testify in the government's case in chief. *See* 18 U.S.C. § 3500(e)(3).

b. Any written notes (including rough drafts) taken during all witness interviews by the government, including all notes taken during or regarding conversations with the witnesses' lawyers. *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *Jencks v. United States*, 353 U.S. 657 (1957).

c. All text, instant, and email messages of, and any other written communications of or with, contemplated witnesses. *See* Fed. R. Crim. P. 26.2.

d. Transcripts from any depositions or other testimony given by any contemplated government witnesses in connection with any other investigation, proceeding, or litigation.

e. Any memos or writings reflecting explanations concerning the discarding or destruction of notes of statements of any possible government witnesses, whether considered by the government to be advertent or inadvertent.

f. Any evidence that any possible government witness engaged in any criminal act, whether or not resulting in conviction, or made a statement favorable to Mr. Liaw—and any evidence regarding a witness's character for truthfulness or untruthfulness, including, for example, as reflected in witness' tax returns. *See* Fed. R. Evid. 608, 609, 613; *Brady*, 373 U.S. at 87.

g. Any evidence that any witness was (or is) under investigation by foreign, federal, state, or local authorities for any criminal conduct. *See United States v. Chitty*, 760 F.2d 425 (2d Cir. 1985).

h. Any evidence concerning any possible motive of any witness in offering statements or testimony, including the existence and substance of any payments, promises of immunity, leniency, preferential treatment, or any other inducements made to any contemplated witness.

i. Any inconsistent or self-incriminating statements made by any contemplated witness.

j. Any information about psychiatric treatment a contemplated witness may have undergone and information concerning witness's drug use habits.

k. All statements made by a contemplated witness to local and federal officials with respect to drug distribution or use.

15. Notes and Drafts.

Please preserve and provide all reports, draft arrest reports, notes, and memos made by any foreign, federal, state, and/or local law enforcement agency or witness pertaining to Mr. Liaw or to the charges alleged in the Indictment, pursuant to Fed. R. Crim. P. 16(a)(1)(B) and 26.2.

16. Relators.

Please provide any complaint, filing, or communication with any relator intending to assert or asserting any violation of the False Claims Act against any of the defendants or against

Super Micro Computer Inc. or against any person or entity referenced in the Indictment (including, but not limited to, "Company-1", "executives of Company-1," "Broker-1", "Broker-2", "Broker-3", "end customers in China", and "U.S. Manufacturer").

17. Co-conspirators.

Please identify all alleged co-conspirators, including all known unindicted co-conspirators.

18. Wires.

Please identify the "wires that transited through the Southern District of New York to pay for the servers that are at issue in this case" that you described during the April 1, 2026, court appearance.

***

Please supplement any response to these requests as additional information or material becomes available, pursuant to Fed. R. Crim. P. 16(c). We request that you promptly notify us in writing if you are unable to or do not intend to make available any material requested in this letter, providing your reason for not doing so.

Sincerely,

Nelson A. Boxer
Guy Petrillo
David Hoffman
Eliza Simons
Petrillo Klein & Boxer LLP
655 Third Avenue
12th Floor
New York, NY 10017

- and -

Jason L. Liang
Liang Ly LLP
601 South Figueroa Street
Suite 1950
Los Angeles, CA 90017

*Attorneys for Yih-Shyan "Wally" Liaw*