# EXHIBIT C

655 Third Avenue, 12th Fl.
New York, NY 10017

T: 212.370.0330
www.pkbllp.com

Petrillo Klein + Boxer LLP

NELSON A. BOXER
nboxer@pkbllp.com
D: 212.370.0338
M: 917.273.2693

July 29, 2026

By E-Mail

Juliana N. Murray
David J. Robles
Kevin T. Sullivan
Assistant United States Attorneys
U.S. Attorney's Office, Southern District of New York
26 Federal Plaza
New York, New York 10278

**Re: *United States v. Liaw, et al.*, 26-CR-0100 (ER)**

Dear Counsel:

On behalf of defendant Yih-Shyan "Wally" Liaw, we request that the government provide the following particulars – which are necessary for Mr. Liaw to prepare his defense adequately, to avoid unfair surprise during trial, and to protect Mr. Liaw from a second prosecution for an inadequately described offense, *see United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987) – in addition to the particulars requested on April 6, 2026 (to date we have not received an adequate, particularized response).

1. Indictment, Count One, ¶ 32:

   a. Identify the specific unlawful act(s) identified in 50 U.S.C. § 4819(a)(2) charged by the grand jury.
   b. Identify the fact(s) identified in 15 C.F.R. § 736.2(a)(1)-(5) (including subsections) and/or the prohibitions identified in 15 C.F.R. § 736.2 (b)(1)-(10) (including subsections) charged by the grand jury.
   c. Identify the controls identified in 15 C.F.R. § 742.6(a) charged by the grand jury.
   d. Identify the violations identified in 15 C.F.R. § 764.2 (including subsections) charged by the grand jury.

2. Indictment, Count Two, ¶ 35:

a. Identify the items set forth in 15 C.F.R. § 774, Supplement Number 1, charged by the grand jury.
b. Identify the subsections of 50 U.S.C. § 4819(a) charged by the grand jury.
c. Identify the subsections of 50 U.S.C. § 4819(b) charged by the grand jury.
d. Identify the subsections of 15 C.F.R. § 736.2 charged by the grand jury.
e. Identify the subsections of 15 C.F.R. § 742.6 charged by the grand jury.
f. Identify the subsections of 15 C.F.R. § 764.2 charged by the grand jury.

3. Indictment, ¶ 40:

a. Identify the property, real and personal, that constitutes or is derived from proceeds traceable to the offenses charged in Counts One and Two.
b. Quantify the sum of money representing the proceeds obtained as a result of the offenses charged in Counts One and Two.

4. Regarding the materials produced to the government and presumably to the grand jury by [redacted] and any of its past and present parents, affiliates (including [redacted]), subsidiaries, owners, officers, directors, partners, principals, members, servants, agents, or employees ([redacted]), identify the search parameters applied by [redacted], including date range, search terms, custodians, and sources searched, including mobile devices, instant messaging applications (including, but not limited to, iMessage, WeChat, Line, Signal, Telegram, WhatsApp, and Kakao), enterprise systems and data repositories, and cloud storage accounts. This request pertains to the documents bearing Bates numbers USAO_017646 through USAO_025280; USAO_R02_00000169 through USAO_R02_00025374; USAO_025799 through USAO_025808; and USAO_R06_00005487 through USAO_R06_ 00021935, as well as any other documents received by the government from [redacted] that have yet to be produced.

5. Describe the process used to select the chat messages that were produced by OBON at USAO_023330, USAO_023546, USAO_023551, USAO_023579, USAO_024105, USAO_024115, USAO_024126, USAO_024205, USAO_024424, USAO_024467, USAO_024516, USAO_024530, USAO_024660, including, but not limited to, (a) what portions of each conversation were included; (b) what portions were omitted, redacted, or deleted; (c) the basis for the redactions, deletions, and omissions; and (d) whether any messages, portions of messages, attachments, metadata, or conversation segments were excluded from production and, if so, why. In addition:

a. Identify the members of “Group Chat (7)” depicted in USAO_019923; USAO_019924.
b. Identify the members of “Demo Chassis to [redacted] (8)” depicted in USAO_024424.
c. Identify the members of “BKK work group (11)” depicted in USAO_024467.
d. Identify the members of “Group Chat (1)” depicted in USAO_024516;

e. Identify the members of "Group Chat (4)" depicted in USAO_024530.
f. Produce the Native file of USAO_019925.

6. Regarding the materials produced to the government and presumably to the grand jury on behalf of Super Micro Computer, Inc. ("Super Micro") (from 2024 to the present) identify the search parameters applied, including date range, search terms, custodians, and sources searched, including mobile devices, instant messaging applications, data repositories, and cloud storage accounts. In addition:

a. Super Micro's Production Cover Letter, dated May 1, 2026, and Bates-Stamped by the government as USAO_R03_00018073 indicates that Super Micro's production includes "human and/or native machine translations of documents primarily in a foreign language." To the extent you have produced the original foreign-language versions of Super Micro documents, produce all corresponding translated versions provided by Super Micro, including any human translations, machine translations, or revised translations in your possession, custody, or control. This request is continuing and applies to all previous and forthcoming Super Micro productions.

7. Regarding the materials produced to the government and presumably to the grand jury on behalf of [redacted], identify the search parameters applied, including date range, search terms, custodians, and sources searched, including mobile devices, instant messaging applications, data repositories, and cloud storage accounts.

8. Regarding the materials produced to the government and presumably to the grand jury on behalf of [redacted], identify the search parameters applied, including date range, search terms, custodians, and sources searched, including mobile devices, instant messaging applications, data repositories, and cloud storage accounts.

9. Regarding the materials produced to the government and presumably to the grand jury on behalf of [redacted], identify the search parameters applied, including date range, search terms, custodians, and sources searched, including mobile devices, instant messaging applications, data repositories, and cloud storage accounts.

10. Regarding the materials produced to the government and presumably to the grand jury on behalf of [redacted] (whether residing in the United States or outside the United States) identify the search parameters applied, including date range, search terms, custodians, and sources searched, including mobile devices, instant messaging applications, data repositories, and cloud storage accounts.

11. Regarding the materials produced to the government and presumably to the grand jury on behalf of [redacted] (whether residing in the United States or outside the United States), identify the search parameters applied, including date range, search terms, custodians, and sources searched, including mobile devices, instant messaging applications, data repositories, and cloud storage accounts.

12. Regarding the materials produced to the government and presumably to the

grand jury on behalf of [redacted], identify the search parameters applied, including date range, search terms, custodians, and sources searched, including mobile devices, instant messaging applications, data repositories, and cloud storage accounts.

13. Regarding the materials produced to the government and presumably to the grand jury on behalf of the [redacted], identify the search parameters applied, including date range, search terms, custodians, and sources searched, including mobile devices, instant messaging applications, data repositories, and cloud storage accounts.

14. Regarding the materials produced to the government and presumably to the grand jury on behalf of the U.S. Department of Commerce, Bureau of Industry & Security ("BIS"), identify the search parameters applied, including date range, search terms, custodians, and sources searched, including mobile devices, instant messaging applications, data repositories, and cloud storage accounts.

15. Regarding the materials produced by the government on June 10, 2026, identify the search parameters applied to the data collected from the following "Identified Data" sources:

a. [redacted] iPhone 17 Pro Max (1B10)
b. [redacted] iCloud
c. [redacted] iPhone 13 Pro (1B12)
d. [redacted] iPhone (1B19)
e. [redacted] iCloud

16. Identify the serial numbers of the Super Micro servers assembled in the United States that integrated restricted NVIDIA GPUs that were allegedly shipped to China, including such servers whose ultimate destination was China as well as those that transited through China before being shipped to another destination.

In addition to the information and materials requested on April 6, 2026, we request pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and Fed. R. Crim. P. 16, production of:

17. [redacted]'s Voluntary Self Disclosure submitted to the BIS and to the U.S. Department of Justice's National Security Division ("NSD"), referenced at ¶ 28 of the Agent Affidavit in Support of Application for a Search Warrant for Stored Electronic Communications dated March 6, 2026. *See* USAO_000402 at USAO_000436.

18. All communications and correspondence between any U.S. government agency or department or official or employee, including BIS and NSD and the U.S. Attorney's Office, SDNY; and Super Micro (including its in-house and external counsel), from January 1, 2024, to the present, regarding Mr. Liaw, [redacted], and/or the alleged diversion of Super Micro servers to China.

19. All communications and evidence exchanged between the United States

Department of Justice (including the U.S. Attorney's Office, SDNY) and the Taiwan Keelung District Prosecutors Office regarding the Taiwanese investigation into the alleged diversion of Super Micro servers and equipment to China, including, but not limited to, the search of Super Micro's Taiwan offices and facilities and the questioning, detention, and arrest of current and former Super Micro employees in connection with that investigation.

Please supplement any response to these requests as additional information or material becomes available.

We request, once again, that you promptly notify us in writing if you are unable to or do not intend to make available any material requested in this letter, providing your reason for not doing so.

Finally, we request that you provide translations of all Mandarin- or Chinese-language communications and documents, whether in written, audio, or any other form, that you intend to offer into evidence, 90 days prior to trial (on or before December 30, 2026), so as to allow the defense adequate time to review and assess the accuracy of those translations and to propose revisions to those translations where appropriate.

Sincerely,

Nelson A. Boxer
Guy Petrillo
David Hoffman
Eliza Simons
Petrillo Klein + Boxer LLP
655 Third Avenue
New York, NY 10017

- and –

Jason L. Liang
Jennifer Chor
Liang Ly LLP
601 South Figueroa Street
Los Angeles, CA 90017

*Attorneys for Yih-Shyan "Wally" Liaw*