# EXHIBIT E

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Building*
*26 Federal Plaza, 38th Floor*
*New York, New York 10278*

September 4, 2026

**By Email**

Nelson A. Boxer, Esq.
Guy Petrillo, Esq.
David Hoffman, Esq.
Eliza Simons, Esq.
Petrillo Klein & Boxer LLP
655 Third Avenue, 12th Floor
New York, New York 10017

Jason L. Liang, Esq.
Liang Ly LLP
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017

**Re: *United States v. Liaw*, 26 Cr. 100 (ER)**

Dear Counsel:

The Government writes in response to your letters of April 6, July 29, and August 17, 2026, which seek particulars about the Government's evidence and additional materials and information relating to the crimes charged in the above-referenced Indictment and other topics.

As an initial matter, the Government is aware of its disclosure obligations, including those arising under Rule 16, *Brady*, *Giglio*, and Section 3500. We have complied with our obligations that have already attached, and we will continue to do so. As you know, and as described further below, we have made substantial productions of discovery in this case, including materials far exceeding the requirements of Rule 16, and have on multiple occasions directed your attention to specific items of discovery to assist in your preparation of a defense. We also previously disclosed, at your request, the identities of anonymized individuals and entities referenced in the detailed 21-page speaking Indictment.

Nevertheless, as a professional courtesy and to further assist in your preparation for the March 29, 2027 trial in this case, the Government agrees to provide certain additional information requested in your letters. The Government declines, however, to further catalog its trial proof or provide certain other information to which you are not entitled under applicable law. As always, we remain willing to engage with you about any questions you may have concerning the Government's discovery productions and its responses to your requests. The Government also reiterates its April 16, 2026 request for reciprocal discovery pursuant to Fed. R. Crim. P. 16(b).

This letter is being provided pursuant to the protective order in this case. *See* Dkt. 23.

## I. The Government's Productions to Date

As you are aware, the Government has made substantial discovery productions to date. Those productions began in April 2026, when the Government produced, among other things, (i) full extractions of the defendant's electronic devices and accounts; (ii) lengthy search warrant applications outlining much of the Government's proof, including specific communications in furtherance of the charged conduct and statements made by prospective Government witnesses; (iii) communications between the defendant and co-conspirators, including draft machine translations of chats between the defendant and co-defendant Willy Sun; (iv) text messages between the defendant and others, banking and shipping records, video surveillance, and other materials provided by Company-1 (as defined in the Indictment) as part of a voluntary self-disclosure to the Government; (v) Department of Commerce records, including license determinations for the controlled items at issue in this case; and (vi) materials provided by third parties pursuant to grand jury subpoenas and voluntary requests, including from [redacted] and [redacted]

Over the last several months, the Government has continued to receive materials from third parties as part of its ongoing investigation, including from Company-1, [redacted] and others, and has been making rolling productions of those materials. In addition, the Government has been making rolling productions of identified data from the numerous electronic devices seized from the defendant and others on the day of the defendant's arrest, and electronic accounts associated with the defendant and others, pursuant to the search warrants produced in April 2026. The Government also recently received consent from co-defendant Willy Sun to search and cross-produce the full contents of his devices and accounts, which were then promptly provided to you. The Government will continue to comply with its discovery obligations as it receives any additional potentially discoverable material from third parties or otherwise comes into possession of such material.

## II. April 6, 2026 Letter

Your April 6 letter requests that the Government (i) identify specific individuals, entities, locations, and other information referenced throughout the Indictment, and (ii) provide discovery as required under the Fifth and Sixth Amendments and the Federal Rules of Criminal Procedure. Please find below responses to the requests in your April 6 letter.

### A. Request for Particulars

Though you have styled your letters as including requests for particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, many of the requests appear to call for the Government to identify anticipated witnesses and uncharged co-conspirators and preview the evidentiary basis for each allegation and element of the offenses charged—relief that Rule 7(f) does not authorize and that courts in this Circuit have consistently refused to grant. As you know, a bill of particulars is not a discovery device, and it is well settled in this Circuit that a defendant is not entitled to one where, as here, the Indictment itself provides constitutionally adequate notice of the charges. The Indictment in this case tracks the statutory language of the charged offenses, identifies the relevant time periods and conduct, and contains lengthy allegations describing the nature of the scheme with sufficient particularity to enable the defendant to prepare a defense and

plead a double jeopardy bar of any future prosecution. Nothing more is required. Moreover, the discovery materials produced to date (and our conversations concerning the same) further assist the defendant in understanding and responding to the charges brought against him. For example, the search warrant applications produced in April 2026 contain detailed recitations of the Government's proof that go far beyond the constitutionally sufficient notice in the Indictment and provide a roadmap for the types of evidence the Government may offer at trial. *See, e.g.*, USAO_00340-001052.

Nevertheless, and without conceding that the Government is under any obligation to provide further particulars in this case, the Government addresses your requests in substantial part below.

1. <u>Identities in ¶ 1</u>

The Government previously disclosed to you that the U.S. Manufacturer referenced in Paragraph 1 is [redacted]. The Indictment also identifies the defendant, Steven Chang, and Willy Sun as certain of [redacted] "executives, employees, and third-party affiliates," respectively, involved in the charged conspiracy. The Government is not required to identify additional unnamed or uncharged co-conspirators and, in any event, has produced substantial discovery that makes additional co-conspirators apparent. *See, e.g., United States v. Ma*, 03 Cr. 734 (DAB), 2006 WL 708559, at *14 (S.D.N.Y. Mar. 21, 2006) ("Courts also deny bills of particulars seeking the names and identities of unindicted co-conspirators where sufficient discovery has been provided."); *United States v. Chalmers*, 410 F.Supp.2d 278, 286 (S.D.N.Y. Jan. 25, 2006) (where the Government produced extensive discovery, identification of co-conspirators was not necessary to prepare a defense). Nevertheless, for non-exhaustive examples of other potential co-conspirators, the Government refers you to its search warrant applications. *See, e.g.*, USAO_000852-001052.

2. <u>Identities in ¶ 2</u>

While not required to do so, the Government previously disclosed to you the identities of Company-1 and the executives of Company-1 referenced in the Indictment—Individual-1 and Individual-2. *See, e.g.*, USAO_002258. The Government also provided known identities for the third-party brokers referenced in the Indictment, who are currently uncharged co-conspirators. *See id.* The Government is not required to identify the China-based end customers and final destinations in China referenced in Paragraph 2. Nevertheless, as non-exhaustive examples, the Government directs your attention to communications between the defendant and Willy Sun previously identified for you on June 17, 2026, *see, e.g.*, USAO_025281 (including references to [redacted] being the end user), and materials provided by Company-1, *see, e.g.*, USAO_022193-23329 (examples of outbound shipping documents to China). As non-exhaustive examples of documents addressing your other requests regarding the identities in Paragraph 2 of the Indictment, the Government refers you to its search warrant applications, *see, e.g.*, USAO_000852-001052, and to materials provided by Company-1, *see, e.g.*, USAO_019926-019933.

3. <u>Identities in ¶ 3</u>

The Government is not required to identify specific locations where the servers were purportedly stored; however, as is reflected throughout the discovery, servers were purportedly

being stored at certain datacenters and warehouses in [redacted]. *See, e.g.*, USAO_000852-001052. The Government also notes that WeChat, Line, and Telegram, among others, were the encrypted applications used in furtherance of the conspiracy. *See, e.g.*, USAO_001069-001740 (Line chats between defendant and Individual-1); USAO_025281 (WeChat messages between defendant and Willy Sun); USAO_018960-019134 (Telegram messages between Willy Sun and Individual-1). As to your remaining requests, the Government is not required to identify specific communications, however, the Government directs your attention to its search warrant applications, which include illustrative examples of communications referenced in Paragraph 3 (and throughout the Indictment). *See, e.g.*, USAO_000852-001052. Moreover, while not required to identify the specific compliance team members referenced in Paragraph 3, the Government notes that one of those officers was [redacted]

4. <u>Identities in ¶ 4</u>

The Government is not required to identify specific financial institutions referenced in Paragraph 4; however, as non-exhaustive examples, the Government directs your attention to USAO_019934-019935 and USAO_019936-019937, as well as the subpoena returns from financial institutions, produced to you on April 30, 2026.

5. <u>Identities in ¶ 10</u>

The Government is not required to identify unindicted co-conspirators or specific Chinese customers but refers you to its response concerning Paragraph 2.

6. <u>Identities in ¶ 11</u>

With respect to your request for the identities of Individual-1 and particular Chinese customers, the Government refers you to its response concerning Paragraph 2. The Government is not required to identify Steven Chang's "clients with customers based in China," or the members of [redacted] global sales team that the defendant oversaw (and which the defendant is positioned to know).

7. <u>Identities in ¶ 12</u>

With respect to your request for the locations of [redacted] U.S. and Taiwan facilities, the defendant is uniquely positioned, as a co-founder of [redacted], to know those locations, which are also publicly available. [redacted] With respect to your other requests, the Government refers you to its responses concerning Paragraphs 2 and 3. In addition, while not required to do so, the Government informs you that the broker that Willy Sun introduced to Company-1, and on "whose behalf Company-1 ultimately placed orders with the U.S. Manufacturer," as described in Paragraph 12, was known as [redacted] This broker is referenced and depicted throughout the discovery, including in a celebratory photograph with the defendant followed by a text exchange with the defendant about purchasing servers through Company-1, *see, e.g.*, USAO_Everlaw_00002520-21, as well as in security camera footage using a hair dryer to affix [redacted] labels to boxes of dummy servers alongside Willy Sun in order to deceive the U.S. Department of Commerce during an inspection of Company-1's warehouse, *see, e.g.*, USAO_000994.

8. Identities in ¶ 14

While not required to identify the customers and companies referenced in Paragraph 14, the Government refers you to USAO_R01_00933735 - USAO_R01_00933736. With respect to your request for the identities of third-party brokers, the Government refers you to its response concerning Paragraph 2.

9. Identities in ¶ 15

The Government previously disclosed Individual-2's identity. *See, e.g.*, USAO_002258. While not required to do so, the Government notes that the auditor that Steven Chang described as "friendly" was named [redacted] With respect to your remaining requests, while not required to do so and as non-exhaustive examples, the Government refers you to USAO_001268 (defendant texting Individual-1 that servers will be shipped from San Jose and that "they need to be in your DC lease agreement also in case the audit later"), and USAO_R02_00011876 - USAO_R02_00011878 (defendant emailing [redacted] compliance team members to "speed this process up" for Company-1). Finally, while not required to do so, the Government notes that the Company-1 data centers that were purportedly hosting the servers were in [redacted]. *See, e.g.*, USAO_000852-001052.

10. Identities in ¶ 17

The known identities of Broker-1 and Broker-2 were provided to you on April 20, 2026. *See* USAO_002258. They are also referenced throughout the discovery, including in the detailed search warrant applications describing those brokers' roles in the charged conspiracy. *See, e.g.*, USAO_000852-001052.

11. News Articles and Press Release in ¶ 19

While not required to do so, the Government refers you to the text messages between the defendant and Individual-1 exchanged over the encrypted messaging application Line. *See* USAO_001354 (defendant texting Individual-1 a White House news article concerning more stringent export controls); USAO_001440 (Individual-1 texting the defendant an article about an export controls enforcement action and saying "I'm very concerned Wally").

12. Information in ¶ 20

While not required to do so, in response to your request, and as non-exhaustive examples, the Government directs your attention to USAO_R05_00148276 - USAO_R05_00148286 (inquiries from [redacted] compliance team and response from Steven Chang) and USAO_1078-1085 (text messages between the defendant, Willy Sun, and Steven Chang regarding Chang's proposed response to [redacted] compliance team inquiries).

13. Identities in ¶ 21

The Government is not required to disclose the identities of each of the individuals and entities involved in the purchase of [redacted] servers described in Paragraph 21. Nevertheless,

the Government refers you to its search warrant applications, *see, e.g.*, USAO_000975-976, which include non-exhaustive examples of transactions referenced in Paragraph 21, including identifying individuals and entities requested in your letter. The Government previously disclosed the identity of Broker-3. *See* USAO_002258.

14. Identification of Press Release in ¶ 22

While not required to do so, the Government refers you to USAO_Everlaw_00023616 (Broker-2 sending the defendant a U.S. Department of Justice press release regarding the arrest of Chinese nationals for illegally exporting sensitive microchips to China, to which the defendant responded with sobbing emojis). In addition, the Government notes that the defendant also received a news article concerning these arrests from Willy Sun that same day. *See, e.g.*, USAO_025281 (Willy Sun texting Reuters article to the defendant).

15. Identities and Descriptions in ¶ 23

With respect to your request for the Government to describe the "additional audits and inspections" referenced in Paragraph 23, while not required to do so, the Government refers you to Paragraphs 24 to 29 of the Indictment. The Government further refers you to its search warrant applications, *see, e.g.*, USAO_000852-001052, which also describe those audits and inspections, as well as other individuals involved in preparing for those audits and inspections.

16. Identities and Descriptions in ¶ 24

With respect to your request for additional details about the request for an audit by the [redacted] compliance team, the Government refers you to its search warrant applications. *See, e.g.*, USAO_000983-990. In addition, while not required to do so, as an illustrative example of requests made by [redacted] compliance team, the Government refers you to USAO_R07_00003950 - USAO_R07_00003963 ([redacted] emailing the defendant regarding the upcoming August 2025 audit of Company-1). The Government also notes that the warehouses referenced in Paragraph 24 were in [redacted]

17. Identity in ¶ 24(a)

While not required to do so, the Government notes that the member of the [redacted] compliance team referenced in Paragraph 24(a) is [redacted]. *See, e.g.*, USAO_R09_00022350.

18. Identities in ¶ 24(c)

While not required to do so, the Government notes that the member of the [redacted] compliance team referenced in Paragraph 24(c) is [redacted]. With respect to your request to describe the data center referenced in Paragraph 24(c), the Government refers you to its search warrant applications, which identify the data center. *See, e.g.*, USAO_000987.

19. <u>Identities in ¶ 24(d)</u>

While not required to identify personnel who participated in the audit, the Government understands that at least one of those individuals was field application engineer [redacted].

20. <u>Identities and Locations in ¶ 26</u>

The Government previously disclosed to you the identity of Officer-1. *See* USAO_002258. The Government further notes that the warehouse referenced in Paragraph 26 was in [redacted].

21. <u>Locations in ¶ 27</u>

The Government refers you to its response to your request concerning Paragraph 26 above.

22. <u>Identities in ¶ 28</u>

The Government refers you to USAO_002313-002346, which is a detailed report from Officer-1 about the December 2025 PSV referenced in Paragraph 28.

23. <u>Identities in ¶¶ 31, 32, 34, 35, 36, 38, and 39</u>

With respect to your requests to identify the individuals referred to as "others" in the statutory allegations of the Indictment, the Government refers you to its responses to your requests above and notes, as above, that the Government is not obligated to provide such information.

**B. Other Disclosures**

Your April 6 letter also requests disclosures pursuant to the Fifth and Sixth Amendment and the Federal Rules of Criminal Procedure. As described above, the Government understands its disclosure obligations, including those arising under Rule 16, *Brady*, *Giglio*, and Section 3500. We have complied with those obligations and will continue to do so. The Government will also provide timely notice prior to trial of any evidence it seeks to offer pursuant to Rule 404(b).

With respect to your requests pursuant to Rule 16, we are in compliance with our obligations and will continue to make rolling productions to you of any additional discoverable material that comes into our possession. As you know, we have already made substantial productions to date that far exceed the scope of Rule 16. To the extent you have questions about those productions, we remain available to continue conferring with you. And consistent with Local Criminal Rule 16.2, the Government will make any expert disclosures 60 days prior to trial or pursuant to any schedule set by the Court. If you wish to discuss a schedule for expert disclosures, we are available to confer at your convenience.

As for *Brady* material, the Government understands its obligations under *Brady* and its progeny and will continue to comply with those obligations. And with respect to *Giglio* material, consistent with both the law and the practice in this District, the Government will produce such material in a timely manner prior to trial when it produces prior witness statements pursuant to the Jencks Act. *See, e.g.*, *United States v. White*, No. 17 Cr. 611 (RWS), 2018 WL 4103490, at *12

(S.D.N.Y. Aug. 28, 2018) ("The usual practice in this district is that the Government agrees to make impeachment information available to the defense at the same time as Jencks Act material . . . ." (quoting *United States v. Trippe*, 171 F. Supp. 2d 230, 237 (S.D.N.Y. 2001))); *United States v. King*, No. 10 Cr. 122 (JGK), 2011 WL 1630676, at *7 (S.D.N.Y. Apr. 27, 2011) (noting, and approving over defense objection, Government's agreement to produce *Giglio* material at same time as Jencks Act disclosures); *United States v. Ruiz*, 06 Cr. 228 (NRB), 2010 WL 2541322, at *1 (S.D.N.Y. June 17, 2010) (denying request for early disclosure of witness material and noting that "the government's representations that it is aware of its discovery obligations and is complying—or, with respect to *Giglio* and Jencks Act disclosure, will comply—with those obligations are sufficient"). We are available at your convenience to confer about a reasonable schedule to produce *Giglio* and Jencks Act material in advance of trial.

Finally, with respect to your requests for the identities of uncharged co-conspirators and wires that transited through this District, the Government refers you to its responses to your requests for particulars above.

## III. July 29, 2026 Letter

Your July 29 letter requests additional particulars beyond those set forth in your April 6 letter. As with the Government's responses to your requests in the April 6 letter, without conceding that the Government is obligated to provide additional information, the Government's responses to your requests are below.

1. Statutory Allegations in ¶¶ 32 and 35

With respect to your request for the identification of specific unlawful acts, facts, controls, and violations charged in Counts One and Two of the Indictment, including the identification of the specific subsections of the charged statutes in Counts One and Two, the Government refers you to the 21-page speaking Indictment which sets out, in detail, the allegations that form the basis of Counts One and Two. The Government further notes that Paragraphs 31 and 32 (as to Count One) and 34 and 35 (as to Count Two) track the statutory language of the charged crimes. This is sufficient to satisfy the notice requirements under Fed. R. Crim. P. 7(c). *See, e.g.*, *United States v. Mayo*, 705 F.2d 62, 78 (2d Cir. 1983) (holding that an indictment that tracked the statutory language and stated the time and place of the alleged offense was sufficient, despite no identification of specific provisions that were violated); *United States v. Horvath*, 24 Cr. 401 (DJB), 2025 WL 460032, at *4-5 (D.D.C. Feb. 11, 2025) (holding that an indictment charging violations of export control statutes, which did not identify subsections of those statutes, sufficiently alleged the factual basis for the violations).

The Government further refers you to the discovery produced to date, including its search warrant applications, *see, e.g.*, USAO_000852-001052, and the U.S. Department of Commerce's license determinations produced to you on April 16, 2026, *see, e.g.*, USAO_000001-000028.

2. Statutory Allegations in ¶ 40

Your request for additional particulars concerning the forfeiture allegation in the Indictment is contrary to Fed. R. Crim. P. 32.2(a), which states that "[t]he indictment or

information need not identify the property subject to forfeiture or specify the amount of any forfeiture money judgment that the government seeks." To the extent you have authority to support your request, please provide it and we will consider it.

3. Materials Provided by Company-1

As you are aware, Company-1 has been voluntarily providing materials and information to the Government since approximately September 2025 regarding the conduct charged in the Indictment. *See, e.g.*, USAO_000969-970. Discoverable materials received from Company-1 have been provided to you and the Government will continue to provide any additional discoverable materials received from Company-1 that come into the Government's possession. The Government is unaware of any authority supporting your request for the identification of search parameters and sources searched by a third party in providing material to the Government, whether voluntarily or pursuant to a subpoena. If you have any authority to support your request, please provide it and we will consider it.

4. Selection of Chat Messages by Company-1 and Identification of Individuals

As above, the Government is unaware of any authority supporting your request for information about the "process used" by Company-1 to select chat messages to provide to the Government as part of a voluntary self-disclosure. If you have such authority, please provide it and we will consider it. The Government also notes that, to the extent any chat messages provided by Company-1 included redactions, such alterations were made by Company-1 and were produced to you in the manner in which they were received by the Government.

With respect to your request for the identities of the members of various group chats in Company-1's productions, the Government does not currently have additional information beyond that which has been produced to you.

Finally, the native file referenced in USAO_019925 is the file produced to you at USAO_019924.

5. Requests for Search Parameters and Sources Searched by Other Third Parties

As above, with respect to your requests for the identification of search parameters and sources searched by [redacted] in either responding to subpoenas or providing information voluntarily, the Government is unaware of any authority supporting your requests for such information. The Government will consider any authority you provide in this regard but notes that it has complied with and will continue to comply with its discovery obligations as they pertain to materials received from third parties.[1]

[1] As to your request for original foreign language documents of [redacted], to the extent those have been provided to the Government, they have been produced to you.

6. Materials Obtained from the U.S. Department of Commerce

With respect to materials obtained from the U.S. Department of Commerce's Bureau of Industry and Security ("BIS"), the Government has complied with its discovery obligations to the extent they extend to materials in BIS's holdings and will continue to do so. As above, the Government is unaware of any authority supporting your request for the identification of search parameters and sources searched by BIS in providing discovery materials, including as such a request pertains to searching law enforcement holdings.

7. Search Parameters for Identified Data

As with your requests above, the Government is unaware of any authority supporting your request for the search parameters used to identify responsive material in the electronic devices and accounts of [redacted]. The Government will consider any authority you provide. In any event, as you know, the Government obtained search warrants for those devices and accounts, which contain the parameters for such a search and review. *See, e.g.*, USAO_000911-916; USAO_000848-851.

8. Identification of [redacted] Serial Numbers

The Government is not required to identify the serial numbers of the [redacted] servers assembled in the United States and shipped to China. Nevertheless, as non-exhaustive, illustrative examples, the Government directs your attention to the subfolders for invoice numbers 0932077260, 0932078023, and 0932081397 in the folder titled "[Company-1] Orders by Invoice," which can be found in the BIS Materials produced to you on April 30, 2026.

9. Company-1's Voluntary Self-Disclosure

As described above, the Government has produced to you the source documents and other materials it has received from Company-1 pursuant to Company-1's voluntary self-disclosure and will continue to produce any additional discoverable material it receives on a rolling basis. The Government will produce any *Giglio* or Jencks Act material obtained pursuant to Company-1's voluntary self-disclosure, including any submissions from counsel that may constitute *Giglio* or Jencks Act material for any prospective Government witnesses, in advance of trial consistent with the Government's disclosure obligations and practice in this District.

10. Communications between the Government and [redacted]

The Government will disclose any discoverable communications with [redacted] (including its counsel) and the prosecution team in this case. To be clear, the Government's *Brady* and Rule 16 obligations run only to the records and information in the prosecution team's possession, custody, and control, not to the federal government writ large. Here, the prosecution team consists of the U.S. Attorney's Office for the Southern District of New York; the Federal Bureau of Investigation; BIS; and NSD.

11. Communication with and Evidence from Taiwanese Authorities

As described above, Taiwanese authorities are not part of the prosecution team in this case and the Government's disclosure obligations do not extend to materials in their holdings. To the extent there are communications between the prosecution team and Taiwanese authorities, or should materials from Taiwanese authorities come into the Government's possession, they will be treated consistent with the Government's disclosure obligations.

12. Foreign Language Translations

With respect to your request for all translations of foreign language communications that will be offered at trial to be provided to you 90 days prior to trial, we are available to confer about a reasonable schedule for the exchange of any potential foreign language translations that either side may seek to offer at trial.

## IV. August 17, 2026 Letter

[redacted]

Finally, you have requested a copy of the original search warrant application for premises and persons submitted to U.S. Magistrate Judge Virginia K. DeMarchi, which appears on the docket as having been initially denied on March 18, 2026. The original search warrant application, which was submitted on March 17, 2026, was the same as that which was signed on March 18, 2026, and produced to you at USAO_000852-001052, except that it included a paragraph (copied below) in the agent affidavit which Judge DeMarchi requested be removed prior to the Government resubmitting the application and it having been signed.

> ~~28. Law enforcement personnel will make reasonable efforts to restrict their search to data falling within the categories of evidence specified in the warrant. Depending on the circumstances, however, law enforcement personnel may need to conduct a complete review of all the ESI from seized devices or storage media to evaluate its contents and to locate all data responsive to the warrant.~~

* * *

The Government stands ready to assist in your review of the discovery materials, respond to additional questions you may have, and confer about any discovery or scheduling-related issues. In addition, because this letter references information and materials disclosed to you pursuant to the protective order in this case, *see* Dkt. 23, please inform the Government if you intend to make any disclosure of this letter or its contents to any individual not covered by the protective order.

Very truly yours,

JAMES M. MCDONALD
United States Attorney

by: ______________________________
Juliana N. Murray
David J. Robles
Kevin T. Sullivan
Assistant United States Attorneys
(212) 637-2314 | -2550 -1587